# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Skaperdas v. Country Casualty Insurance Co.*, 2013 IL App (4th) 120986

---

| | |
|---|---|
| Appellate Court Caption | STEVEN A. SKAPERDAS; VALERIE R. DAY; and JONATHAN JACKSON, a Minor, by Valerie Day, His Mother and Next friend, Plaintiffs-Appellants, v. COUNTRY CASUALTY INSURANCE COMPANY and TOM LESSARIS, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-12-0986 |
| Filed<br>Rehearing denied | October 7, 2013<br>November 5, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from defendant insurance agent's failure to obtain the automobile insurance coverage plaintiff requested, the trial court's decision that defendant did not owe a duty of care to plaintiff in procuring the coverage because he was an "agent" rather than a "broker" was reversed, since section 2-2201 of the Illinois Insurance Placement Liability Act eliminated the common-law distinction between insurance agents and brokers for purposes of the duty of care. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 11-L-121; the Hon. Jeffrey B. Ford, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal

Aaron D. Lauter (argued), of Frederick & Hagle, of Urbana, for appellants.

Stanley E. Freeman (argued), of Law Office of Stanley E. Freeman, P.C., of Champaign, for appellee Country Casualty Insurance Company.

Laura A. Petersen (argued) and Meaghan M. Brady, both of Quinn, Johnston, Henderson, Pretorius & Cerulo, of Peoria, for appellee Tom Lessaris.

Panel

PRESIDING JUSTICE STEIGMANN delivered the judgment of the court, with opinion.

Justices Appleton and Pope concurred in the judgment and opinion.

## OPINION

¶ 1    In March 2012, plaintiffs, Steven A. Skaperdas and Valerie R. Day (on behalf of herself and as a representative of her son, Jonathan Jackson), sued defendants, Country Casualty Insurance Company (Country Casualty) and Tom Lessaris, seeking, in pertinent part, (1) to recover from Lessaris for his negligence in procuring insurance coverage from Country Casualty on plaintiffs' behalf and (2) a declaration of insurance coverage. In April 2012, Lessaris filed a motion to dismiss, arguing that he did not owe plaintiffs a duty of care in procuring insurance coverage. Shortly thereafter, Country Casualty filed a motion to dismiss, arguing that if the trial court determined that Lessaris cannot be liable to plaintiffs, Country Casualty could not be liable to plaintiffs for negligence under the theory of *respondeat superior*.

¶ 2    Following a June 2012 hearing on defendants' motions to dismiss, the trial court granted both motions. The court found that because Lessaris was an insurance "agent," rather than an insurance "broker," he did not owe plaintiffs a duty of care in procuring insurance coverage for them.

¶ 3    Plaintiffs appeal, arguing that the trial court erred by granting defendants' motions to dismiss, given that under section 2-2201 of the Illinois Insurance Placement Liability Act (Act) (735 ILCS 5/2-2201 (West 2010)), the insurance agent-broker dichotomy no longer exists for purposes of duty of care. Because we agree that section 2-2201 of the Act eliminated the common-law distinction between insurance agents and brokers for purposes of duty of care, we reverse and remand for further proceedings.

¶ 4                              I. BACKGROUND

¶ 5    From time to time in early 2008, Day drove vehicles owned by Skaperdas, her boyfriend.

Those vehicles were insured by Country Casualty. On February 5, 2008, Day was in an accident in one of Skaperdas' vehicles. Although Day was not listed as an "additional driver" on Skaperdas' Country Casualty auto-insurance policy, Country Casualty covered the loss, but required Skaperdas to add Day to his insurance policy as an additional driver. Shortly thereafter, Skaperdas had a conversation with Lessaris, an insurance agent representing Country Casualty, about adding Day and Jackson, Day's son, to his auto-insurance policy.

¶ 6　　Effective February 14, 2009, Skaperdas purchased a Country Casualty auto-insurance policy through Lessaris. The declarations page ("deck" page) for that policy listed only Skaperdas as a named insured. The "deck" page identified the driver, however, as a "FEMALE, 30-64."

¶ 7　　In July 2009, Jackson was seriously injured when he was struck by a vehicle while he was on his bicycle. Day and Jackson sued the driver's insurance company and reached a settlement for the insured's policy limits of $25,000, an amount that was insufficient to fully compensate them for their losses. Shortly thereafter, plaintiffs made a claim for underinsured motorist benefits under the February 14, 2009, policy Skaperdas purchased from Country Casualty through Lessaris. Country Casualty denied the claim on the grounds that neither Day nor Jackson was listed as a named insured on that policy.

¶ 8　　In March 2012, plaintiffs sued defendants, seeking, in pertinent part, (1) to recover from Lessaris for his negligence in procuring insurance coverage from Country Casualty on plaintiffs' behalf and (2) a declaration of insurance coverage. In April 2012, Lessaris filed a motion to dismiss under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2010)), arguing that he did not owe plaintiffs a duty of care in procuring insurance coverage. Shortly thereafter, Country Casualty filed its own motion to dismiss under section 2-619 of the Code, arguing that if the trial court determined that Lessaris was not liable to plaintiffs, Country Casualty could not be liable to plaintiffs for negligence under the theory of *respondeat superior*.

¶ 9　　Following a June 2012 hearing on defendants' motions to dismiss, the trial court granted both motions. The court found that because Lessaris was an insurance "agent," rather than an insurance "broker," he did not owe plaintiffs a duty of care in procuring insurance coverage for them.

¶ 10　　This appeal followed.

¶ 11　　　　　　　　　　　　　II. ANALYSIS

¶ 12　　Plaintiffs argue that the trial court erred by granting defendants' motions to dismiss, given that under section 2-2201 of the Act (735 ILCS 5/2-2201 (West 2010)) the insurance agent-broker dichotomy no longer exists for purposes of duty of care. For the reasons that follow, we agree.

¶ 13　　　　　　　　A. Statutory Interpretation and the Standard of Review

¶ 14　　Plaintiffs' argument in this case hinges on the interpretation of section 2-2201 of the Act. A reviewing court's goal when endeavoring to interpret a statute is to ascertain the

legislature's intent. *People v. Giraud*, 2012 IL 113116, ¶ 6, 980 N.E.2d 1107. The most reliable indicator of that intent is the statutory language itself. *Id.* When the language of the statute is clear and unambiguous, we apply it as written, without resort to extrinsic aids to statutory construction. *Id.* We will not depart from the plain language of the statute by reading into it exceptions, limitations, or conditions that conflict with the expressed intent. *Id.* Because this appeal is taken from a motion to dismiss, our review is *de novo*. *Phoenix Insurance Co. v. Rosen*, 242 Ill. 2d 48, 54, 949 N.E.2d 639, 644 (2011).

¶ 15        B. The Pertinent Portion of Section 2-2201 of the Act

¶ 16        Section 2-2201(a) of the Act states as follows:

"An insurance producer, registered firm, and limited insurance representative shall exercise ordinary care and skill in renewing, procuring, binding, or placing the coverage requested by the insured or proposed insured." 735 ILCS 5/2-2201(a) (West 2008).

¶ 17        C. This Court's Decision in *Country Mutual Insurance Co. v. Carr*

¶ 18        In July 2006, this court construed section 2-2201 of the Act as placing a duty on insurance producers, including brokers *and* agents, to act with ordinary care in procuring insurance for insureds. *Country Mutual Insurance Co. v. Carr*, 366 Ill. App. 3d 758, 766, 852 N.E.2d 907, 914 (2006). In November 2006, the Illinois Supreme Court granted Country Mutual's petition for leave to appeal. Following a subsequent settlement between the parties, the supreme court vacated this court's judgment in *Carr*. *In re Country Mutual Insurance Co.*, No. 103463 (Ill. Sept. 26, 2007) (supervisory order). Although the supreme court vacated this court's judgment in *Carr* because Carr's third-party claim was rendered moot, the analysis from that case is sound. Accordingly, we adopt it.

¶ 19        In *Carr*, Steve Carr, d/b/a Carr Construction, purchased a commercial general liability insurance policy issued by Country Mutual from Harold Vogelzang. After Carr purchased the policy, he was sued for alleged damage to a home he constructed. Carr filed a claim with Country Mutual for defense of the lawsuit. Country Mutual responded by filing a declaratory-judgment action, asserting that it owed no duty to indemnify or defend Carr because the cause of the alleged property damage was excluded from his policy.

¶ 20        In May 2005, Carr sued Vogelzang, positing, in pertinent part, that Vogelzang breached the statutory duty to provide ordinary care in selling and procuring insurance under section 2-2201 of the Act (735 ILCS 5/2-2201 (West 1998)). In August 2005, the trial court dismissed Carr's lawsuit against Vogelzang, finding that as an agent of Country Mutual, Vogelzang owed Carr no duty under the Act.

¶ 21        Carr appealed, arguing that although the common law did not recognize a duty between an insurance agent and an insured, the legislature created a statutory duty in section 2-2201 of the Act, which required an insurance agent to act with ordinary care when procuring insurance policies for his customers. We agreed with Carr, explaining our rationale as follows:

"Section 2-2201 does not define 'insurance producer.' The term, however, is defined

by the Illinois Insurance Code as 'a person required to be licensed under the laws of this State to sell, solicit, or negotiate insurance.' 215 ILCS 5/500-10 (West 2002).

A plain reading of the statute, combined with section 500-10, is that any 'person required to be licensed *** to sell, solicit, or negotiate insurance' had a duty to 'exercise ordinary care' in procuring insurance. We find no distinction in either of these sections between an insurance agent or an insurance broker.

* * *

Further supporting Carr's argument section 2-2201(a) creates a duty of care for insurance agents are the sections that follow. Section 2-2201(d) anticipates negligence actions against 'insurance producers':

'(d) While limiting the scope of liability of an insurance producer, *** the provisions of this [s]ection do not limit or release an insurance producer *** from liability for negligence concerning the sale, placement, procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance.' 735 ILCS 5/2-2201(d) (West 1998).

In addition, section 2-2201(b) removes the common-law basis for distinguishing between insurance brokers, who owed a fiduciary duty to their customers (see *Kanter v. Deitelbaum*, 271 Ill. App. 3d 750, 755, 648 N.E.2d 1137, 1140 (1995)), and insurance agents, who owed the fiduciary duty to the insurers (see *Economy Fire & Casualty Co. v. Bassett*, 170 Ill. App. 3d 765, 771, 525 N.E.2d 539, 543 (1988)), by barring breach-of-fiduciary-duty claims against insurance producers:

'No cause of action brought by any person or entity against any insurance producer *** concerning the sale, placement, procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance shall subject the insurance producer *** to civil liability under standards governing the conduct of a fiduciary or a fiduciary relationship except when the conduct upon which the cause of action is based involves the wrongful retention or misappropriation by the insurance producer *** of any money that was received as premiums, as a premium deposit, or as payment of a claim.' 735 ILCS 5/2-2201(b) (West 1998).

Accordingly, we hold section 2-2201(a) places a duty on insurance producers, including brokers and agents, to act with ordinary care in procuring insurance for insureds." *Carr*, 366 Ill. App. 3d at 764-66, 852 N.E.2d at 912-14 (judgment vacated on motion of the supreme court following the parties' settlement).

¶ 22                            D. *Carr* and This Case

¶ 23    As previously stated, we view the analysis from *Carr* as sound and continue to adhere to it. Although the supreme court vacated *Carr*, it did so because Carr's third-party claim was rendered moot due to the parties' settlement, not because this court's interpretation of section 2-2201 of the Act was somehow misguided. A plain reading of section 2-2201 of the Act, combined with section 500-10 of the Illinois Insurance Code, is that any person required to be licensed to sell, solicit, or negotiate insurance has a duty to exercise ordinary care in

procuring insurance. We continue to find no distinction in either of these sections between an insurance agent or an insurance broker, a position that we note is generally accepted. See Couch on Insurance 3d § 46.49 (rev. ed. 2011) ("An agent or broker is liable to his or her principal if by his or her fault or neglect the agent or broker fails to procure or renew insurance as the agent or broker had contracted to do, and as a result of the want of insurance, the principal suffers a loss. Liability exists for breach of contract or for a tort in negligently failing to perform a duty imposed by the contract.").

¶ 24 Accordingly, we reverse the trial court's decision to grant defendants' motions to dismiss based upon its finding that because Lessaris was an insurance "agent," rather than an insurance "broker," he did not owe plaintiffs a duty of care in procuring insurance coverage for them.

¶ 25 III. CONCLUSION

¶ 26 For the reasons stated, we reverse the trial court's judgment and remand for further proceedings not inconsistent with our opinion.

¶ 27 Reversed and remanded.